IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| a    T. GONZALEZ, | § § | |
| Plaintiff, | § § | Civil Action No. 4:23-cv-04069 |
| v. | § § § | TRIAL BY JURY DEMANDED |
| KELSEY-SEYBOLD MEDICAL GROUP, PLLC, OPTUM, INC. AND KS MANAGEMENT SERVICES LLC d/b/a/ KELSEY SEYBOLD CLINIC, | § § § § | |
| Defendants. | | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

## PARTIES

1. Plaintiff T. Gonzalez is an individual residing in Harris County, Texas. Ms. Gonzalez brings this action seeking redress for violations of the Americans with Disabilities Act (ADAAA), the Family and Medical Leave Act (FMLA), and the Fair Labor Standards Act (FLSA) by the Defendants.

2. Defendants KS Management Services LLC, doing business as Kelsey Seybold Clinic ("Kelsey Seybold"), is a Texas-based professional corporation engaged in the operation of medical clinics in and around the State of Texas. Kelsey Seybold may be served with process by serving its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Defendants, Optum, Inc., may be served by serving its registered agent, C T Corporation System at 1010 Dale Street, Saint Paul, Minnesota 55117.

1

4.	Defendants, Kelsey-Seybold Medical Group, PLLC may be served by serving its registered agent, C T Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

5.	Defendants Optum, Inc. Kelsey-Seybold Medical Group, PLLC, and KS Management Services, L.L.C do business as Kelsey Seybold Clinic in Houston, Texas.

6.	At all relevant times, Defendants has employed at least 50 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and is, therefore, an "employer" within the meaning of the ADAAA, an "employer" covered by the FMLA, and subject to the wage and hour provisions of the FLSA.

## VENUE

7.	This action properly lies in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the case occurred, and where Defendants are deemed to reside for purposes of venue. Defendants Optum, Inc. Kelsey-Seybold Medical Group, PLLC, and KS Management Services, L.L.C do business as Kelsey Seybold Clinic in Houston, Texas. Defendants conduct business within this district, and the actions that form the basis of Plaintiff's causes of action, including employment and the violations of federal law, took place within this district. Therefore, venue is appropriate in the Southern District of Texas, Houston Division, under the federal statutes governing venue for civil actions.

## JURISDICTION

8.	This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as this case involves causes of action arising under the laws of the United States, specifically the Americans with Disabilities Act (ADAAA), 42 U.S.C. § 12101 et seq.; the Family and Medical

Leave Act (FMLA), 29 U.S.C. § 2601 et seq.; and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

9. This First Amended Complaint is an action for damages and equitable relief arising from Defendants' violations of the Americans with Disabilities Act (ADAAA), as amended, 42 U.S.C. § 12101 et seq.; the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.; and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Plaintiff asserts that Defendants engaged in unlawful employment practices, including discrimination based on disability, failure to accommodate a known disability, retaliation against Plaintiff for her exercise of rights under the ADAAA, violations of Plaintiff's rights under the FMLA, and failure to pay overtime wages as required by the FLSA.

10. Through this action, Plaintiff seeks to recover damages for lost wages, benefits, emotional distress, and other compensatory damages. Plaintiff also seeks injunctive relief to prevent further violations of federal employment laws, as well as equitable relief, including but not limited to reinstatement, reasonable accommodations for her disability and compliance with the FLSA regarding payment of wages. Further, Plaintiff seeks declaratory relief, exemplary damages, attorney's fees, costs of court, and such other and further relief as the Court deems just and proper.

**FACTS**

11. Defendants Optum, Inc., Kelsey-Seybold Medical Group, PLLC, and KS Management Services, L.L.C, operating as Kelsey Seybold Clinic ("Defendant"), is a medical establishment that operates clinics throughout the State of Texas. Defendants engage in substantial business activities within Harris County, Texas.

12.     Plaintiff T. Gonzalez was employed by Defendants from February 2020 until her wrongful termination on June 14, 2022. During her tenure, Plaintiff served as a Sr. Coding Improvement Specialist, a role based in Harris County, Texas.

13.     Plaintiff has long suffered from Post Traumatic Stress Disorder (PTSD) and anxiety, conditions for which she was formally diagnosed several years prior to her employment with Defendants. These conditions are exacerbated by stress, notably within the work environment, leading to stuttering and communication difficulties for Plaintiff.

14.     In July 2021, Plaintiff approached Leon Jerrells, the Director at Kelsey Seybold Clinic (KSC), with concerns regarding ethical issues as well department hostility in the workplace. A meeting was arranged by Jerrells, including Plaintiff and her immediate supervisor, Belinda Bradley, the Coding Manager. Rather than addressing Plaintiff's concerns, the meeting concluded with Plaintiff receiving a series of unfounded negative performance reviews, effectively turning her attempts to resolve workplace discrimination issues against her.

15.     In February 2022, Plaintiff applied for a supervisory position within her department, a role for which she was eminently qualified. Despite her qualifications, the position was awarded to Sheila King, a less qualified and less tenured employee, who, to Plaintiff's knowledge, does not have a disability.

16.     Due to the escalating discriminatory hostile work environment and its adverse impact on her health, Plaintiff was compelled to request medical leave. She was granted and took leave from March 1, 2022, to April 11, 2022.

17.     Concurrently, Plaintiff sought reasonable accommodation for her disability, specifically to address the stuttering exacerbated by stress. Despite providing medical documentation to support her request, Defendants refused, citing concerns over workplace "morale." Plaintiff's

requests for accommodation, including options to work from home or adjust her start time to 10:00 a.m. were similarly denied.

18.     Throughout her employment, Plaintiff frequently worked in excess of 40 hours per week. Despite the clear mandate of the FLSA, Defendants failed to compensate Plaintiff at the legally required overtime rate for hours worked beyond the standard 40-hour workweek. This failure to pay overtime wages as required by the FLSA represents a willful violation of federal wage and hour laws.

19.     On June 14, 2022, Defendants terminated Plaintiff's employment, attributing the decision to her disability and ostensibly as retaliation for her complaints about discriminatory practices and her use of FMLA leave.

20.     Immediately following her termination, on June 15, 2022, Plaintiff filed a charge of discrimination based on disability and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights ("TCHR"), amending this charge on July 19, 2022.

21.     The EEOC issued a Right-to-Sue letter to Plaintiff on June 30, 2023, enabling her to pursue her causes of action in federal court. Plaintiff timely filed this action within ninety (90) days of receiving the Right-to-Sue notice.

22.     As a direct result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer significant damages, including lost wages, lost benefits, emotional distress, and other compensable damages. Plaintiff has also incurred expenses in seeking medical treatment for the exacerbation of her medical conditions caused by Defendants' actions and has been deprived of the overtime compensation rightfully owed to her.

## **COUNT I: DISABILITY DISCRIMINATION UNDER 42 U.S.C. § 12101**

23. Plaintiff hereby reiterates and incorporates by reference all preceding paragraphs of this First Amended Complaint as if fully set forth herein.

24. Under the Americans with Disabilities Act (ADAAA), as amended, 42 U.S.C. § 12101 et seq., discrimination against a qualified individual on the basis of disability in the terms, conditions, and privileges of employment is prohibited. An employer is further required to provide reasonable accommodations to an employee with a disability, unless doing so would cause undue hardship on the operation of the employer's business.

25. At all times relevant to this lawsuit, Plaintiff was a qualified individual with a disability within the meaning of the ADAAA. Plaintiff suffers from Post Traumatic Stress Disorder (PTSD) and anxiety, which substantially limits one or more of her major life activities. Despite Plaintiff's ability to perform the essential functions of her job, Defendants failed to provide reasonable accommodations for her disability.

26. Plaintiff requested accommodations from Defendants, including modifications to her work schedule and environment, to manage her disability and perform her job duties effectively. Defendants' outright refusal to provide such accommodations, without engaging in an interactive process to explore feasible accommodations, constitutes a failure to accommodate under the ADAAA.

27. Defendants subjected Plaintiff to discriminatory treatment because of her disability, culminating in her wrongful termination on June 14, 2022. This treatment included, but was not limited to, refusal to accommodate, exclusion from training and advancement opportunities, and termination of employment. Such actions were taken because of Plaintiff's disability and in retaliation for her requests for accommodation and FMLA leave, in violation of the ADAAA.

28. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages, including but not limited to, lost wages, benefits, emotional distress, and other compensatory damages. Plaintiff seeks all remedies available under the ADAAA, back pay, front pay, compensatory damages for emotional distress, punitive damages (where applicable), and coverage of legal costs and expenses.

29. Plaintiff demands a trial by jury on all issues so triable.

## COUNT II: RETALIATION UNDER 42 U.S.C § 12203

30. Plaintiff reiterates and incorporates by reference all preceding paragraphs of this First Amended Complaint as if fully set forth herein.

31. The ADAAA, as amended, specifically prohibits retaliation against an individual for exercising their rights under the Act. This includes protections under 42 U.S.C. § 12203(a), which states that no individual shall be discriminated against because they have opposed any act or practice made unlawful by the ADAAA or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADAAA.

32. Plaintiff engaged in protected activity by requesting reasonable accommodations for her disability in March/April of 2022, thereby asserting her rights under the ADAAA. This activity unequivocally qualifies as protected under the ADAAA.

33. Subsequent to, and because of, Plaintiff's engagement in protected activities, Defendants subjected Plaintiff to adverse employment actions. This included, but was not limited to, unwarranted negative performance evaluations, denial of a promotion for which Plaintiff was qualified and had applied, and ultimately, Plaintiff's wrongful termination on June 14, 2022. These actions were directly related to Plaintiff's protected activities and constitute unlawful retaliation.

34. The temporal proximity between Plaintiff's requests for accommodations, and the adverse employment actions by Defendants, evidences a causal connection between Plaintiff's protected activities and the retaliatory actions taken by Defendants. This retaliatory behavior is in direct violation of the ADAAA.

35. As a result of Defendants' retaliatory actions, Plaintiff has suffered and continues to suffer damages, including lost wages, benefits, emotional distress, and other compensatory damages. Plaintiff seeks all remedies available under the ADAAA for retaliation, including but not limited to back pay, front pay, compensatory and punitive damages (where applicable), and coverage of legal costs and expenses.

36. Plaintiff hereby repeats her demand for a trial by jury on all issues so triable within this cause of action.

## COUNT III: VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

37. Plaintiff hereby reiterates and incorporates by reference all preceding paragraphs of this First Amended Complaint as if fully set forth herein.

38. The Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., provides eligible employees with the right to take unpaid, job-protected leave for specified family and medical reasons with continuation of group health insurance coverage under the same terms and conditions as if the employee had not taken leave. Plaintiff was an employee of Defendants eligible for FMLA protections, having been employed for more than 12 months and having worked at least 1,250 hours during the 12-month period preceding the start of the leave.

39. Plaintiff sought FMLA leave due to serious health conditions that made her unable to perform the functions of her job, specifically related to her diagnosed PTSD and anxiety. On March 4, 2022, Plaintiff properly notified Defendants, specifically Nanell Neal, HR

8

Representative, of her need for medical leave in accordance with FMLA requirements and Defendants initially approved Plaintiff's FMLA leave.

40. Upon Plaintiff's return from FMLA leave, Defendants engaged in actions constituting retaliation and interference with Plaintiff's FMLA rights. These actions included, but were not limited to, unjustified performance expectations, negative performance evaluations, denial of promotion opportunities, and ultimately, the wrongful termination of Plaintiff's employment. Such conduct was in direct retaliation for exercising her right to take FMLA leave and interfered with her entitlements under the FMLA.

41. As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff has suffered damages, including lost wages, benefits, emotional distress, and other compensatory damages. Plaintiff seeks all remedies available under the FMLA, including but not limited to lost compensation, actual monetary losses sustained as a direct result of the violations (such as the cost of care), interest, equitable relief, and coverage of legal costs and expenses.

42. Plaintiff reasserts her demand for a trial by jury on all issues so triable within this cause of action.

## COUNT IV: VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

43. Plaintiff reiterates and incorporates by reference all preceding paragraphs of this First Amended Complaint as if fully set forth herein.

44. The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., mandates that covered employees be compensated for hours worked in excess of 40 per week at a rate of not less than one and one-half times the regular rate at which they are employed.

45. Despite Plaintiff regularly working more than 40 hours per week, Defendants failed to compensate Plaintiff at the required overtime rate for all hours worked beyond the 40-hour

threshold. Specifically, Plaintiff, who performed her duties remotely, regularly clocked in over 40 hours a week. Violating the clear mandate of the FLSA, Belinda Bradley, Plaintiff's immediate supervisor, intentionally and systematically removed the overtime hours from Plaintiff's time records, thereby significantly reducing her rightful compensation and purposely causing her not to receive overtime compensation.

46. Throughout the years of 2021 and 2022, Plaintiff accumulated approximately 160 hours of unpaid overtime, with a regular rate of $29 per hour. These actions by Defendants deprived Plaintiff of her lawful earnings and also shows reckless disregard for the provisions of the FLSA.

47. As a direct consequence of Defendants' intentional violations, Plaintiff has suffered damages, including unpaid overtime compensation amounting to approximately $6,960.00.

## **PRAYER FOR RELIEF**

46. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a.    Back Pay and Lost Benefits;

    b.    Pre-Judgment Interest on Back Pay;

    c.    Front Pay;

    d.    Compensatory Damages, including, but not limited to, emotional distress;

    e.    Punitive Damages;

    f.    Injunctive and Affirmative Relief;

    g.    Post-Judgment Interest;

    h.    Attorneys' Fees and Costs; and

i. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

/s/ Bruce Coane
Bruce A. Coane
Federal ID: 7205
Texas Bar No: 04423600
Email: Bruce.Coane@gmail.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October 2024, I served a true and correct copy of the foregoing document via the Court's electronic filing system on all counsel of record in accordance with the Federal Rules of Civil Procedure.

                                                */s/ Bruce Coane*
                                                Bruce Coane
                                                Attorney for Plaintiff